UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CONSUMERS COUNCIL OF MISSOURI,    )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    No. 4:14CV1682 JCH
                                  )
DEPARTMENT OF HEALTH AND          )
HUMAN SERVICES,                   )
                                  )
            Defendant.            )

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Consumers Council of Missouri's Motion for Summary Judgment, filed January 30, 2015. (ECF No. 12). The motion is fully briefed and ready for disposition.

# BACKGROUND

On August 20, 2014, Plaintiff Consumers Council of Missouri submitted a Freedom of Information Act ("FOIA") request to the FOIA Division Director for the Centers for Medicare & Medicaid Services ("CMS") within Defendant Department of Health and Human Services ("HHS"). (Statement of Uncontroverted Material Facts in Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's Facts"), ¶ 1). Plaintiff's FOIA submission requested the following: (1) the identities of the insurers filing rates for the State of Missouri, to take effect in 2015; (2) the rates such insurers proposed to charge in 2015; (3) the information contained in Parts I and III of the Rate Filing Justifications ("RFJs")[1] that was not designated as a trade secret

---

[1] 45 C.F.R. § 154.215(a) provides that a health insurer must submit an RFJ "for all products in the single risk pool, including new or discontinuing products". 45 C.F.R. §§ 154.215(b)-(f) describe the content of the RFJ, including (1) the unified rate review template (Part I), which includes historical and projected claims experience; (2) a written description justifying the rate

or confidential commercial or financial information by the insurers; and (4) the information contained in Part II of the RFJs. (*Id.*, ¶ 2).[2]

On September 2, 2014, the CMS FOIA Director sent Plaintiff a form letter acknowledging receipt of Plaintiff's FOIA request. (Plaintiff's Facts, ¶ 3). The provided FOIA tracking information stated that the request was received by the agency on August 26, 2014. (*Id.*). Despite this acknowledgment, HHS failed to produce the requested records within twenty days of August 26, 2014. (*Id.*, ¶¶ 4, 5).

On September 30, 2014, Plaintiff filed its Complaint in this matter, seeking the same information originally sought in its FOIA request. (ECF No. 1). Plaintiff then filed the instant Motion for Summary Judgment on January 30, 2015, requesting that the Court (1) declare that HHS's failure publicly to disclose rate filing information in sufficient time for the public to comment on proposed rate increases and for HHS to consider such comments when determining the reasonableness of such rate increases violated both HHS's own regulations and the FOIA; (2) require HHS immediately to produce all RFJs in connection with 2015 rates; and (3) declare that HHS must make public all RFJs for proposed 2016 and future year rate increases in time for Plaintiff and other members of the public to analyze and comment on those RFJs within a reasonable time before such proposed increases become final. (Memorandum in Support of Plaintiff's Motion for Summary Judgment, P. 15).

---

increase (Part II); and (3) an actuarial memorandum (Part III), which includes the assumptions, projections, and calculations on which the proposed rate increase is based.
[2] The HHS rate review regulations provide that "CMS promptly will make available to the public on its Web site the information contained in Part II of each Rate Filing Justification", and that "CMS will make available to the public on its Web site the information contained in Parts I and III of each Rate Filing Justification that is not a trade secret or confidential commercial or financial information as defined in HHS's Freedom of Information Act regulations, 45 CFR 5.65." *See* 45 C.F.R. § 154.215(h)(1)-(2). The rate review regulations further provide that CMS will "include information on its Web site concerning how the public can submit comments on the proposed rate increases that CMS reviews." *See* 45 C.F.R. § 154.215(h)(4).

In it response HHS asserts this matter is now moot, as HHS has fully responded to Plaintiff's FOIA request. (Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("HHS's Opp."), PP. 1-2). Specifically, HHS maintains that in its final response to Plaintiff's FOIA request, issued March 6, 2015, CMS (1) provided the website address where Plaintiff may access the requested Part I and Part II information for both "transitional" and single risk pool compliant 2015 Missouri plans, and Part III information for "transitional" 2015 Missouri Plans; and (2) produced all responsive Part III information for single risk pool compliant Missouri plans. (*Id.*).

In its reply memorandum, Plaintiff does not deny that HHS has provided the requested information in full. Plaintiff nevertheless maintains the case is not moot, as it fits within the "capable of repetition, yet evading review" exception to the mootness doctrine. (Plaintiff's Reply Memorandum in Further Support of Motion for Summary Judgment ("Plaintiff's Reply"), PP. 8-15).

## DISCUSSION

Article III of the United States Constitution requires that federal courts rule only on actual cases or controversies. *See Ayyoubi v. Holder*, 712 F.3d 387, 391 (8th Cir. 2013), citing *Already, LLC v. Nike, Inc.*, --- U.S. ---, 133 S.Ct. 721, 726, 184 L.Ed.2d 553 (2013). When the controversy between the parties ends, so too ends the court's power to hear the case. *Id.*; *see also Minnesota Humane Society v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999) (citation omitted) ("A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action."). In the context of the FOIA, it is widely accepted that, "[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot." *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1384

(10th Cir. 1993) (citations omitted). *See also Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005) (same); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform.").

In this case the controversy between the parties no longer exists, as Plaintiff has received all the information it requested. As noted above, CMS provided the website address where Plaintiff may access the requested Part I and Part II information for both "transitional" and single risk pool compliant 2015 Missouri plans, and Part III information for "transitional" 2015 Missouri Plans, and produced all responsive Part III information for single risk pool compliant Missouri plans.

Plaintiff argues that its claim falls within an exception to the mootness doctrine, however, because it is "capable of repetition, yet evading review." *Clark*, 184 F.3d at 797. This exception allows courts to hear otherwise moot cases when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). "The capable of repetition yet evading review rule is an extraordinary and narrow exception to the mootness doctrine." *Clark*, 184 F.3d at 797 (internal quotations and citations omitted).

Upon consideration, the Court finds it need not consider Plaintiff's speculative assertion that its claim forever will evade review of the courts[3], as at this stage it is not "capable of

---

[3] Plaintiff claims the instant controversy is fleeting, and thus similar in nature to an election cycle or a nine-month pregnancy, as by the time a court rules on any FOIA complaint seeking RFJs

repetition." In order for a claim to be "capable of repetition," "[t]here must be a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (internal quotations and citation omitted). In most cases in which courts have found FOIA claims moot by the voluntary production of documents, the "capable of repetition yet evading review" exception could not apply because there was no reason that the plaintiff would again request records from the same agency once all the information has been produced. *See e.g., Walsh*, 400 F.3d at 537 ("[T]here is little reason to think that Walsh will ever request additional records [from the Department of Veteran Affairs]. Because locating the records he has received required so much effort and he already has the whole kit and caboodle, the faint possibility that he might generate more records in the future, request them, and wait too long to receive them is an insufficient reason for saying this case is not moot."); *Chilivis v. S.E.C.*, 673 F.2d 1205, 1210 (11th Cir. 1982).

In this case it is plausible, if not likely, that Plaintiff will request similar information in future years. There nevertheless does not exist a reasonable expectation that Plaintiff will be subjected to the same delayed response, however, for two reasons. First, HHS asserts CMS will not have to go through the time-consuming pre-disclosure notification process for Parts I and III that it engaged in this time, prior to posting the information to its website in future years. (*See* HHS's Opp., P. 5 ("In fact, CMS intends to collect and automatically post redacted Part III actuarial memorandums from issuers beginning with plan year 2016.")). Second, HHS notes that beginning in plan year 2016, new regulations

---

supporting proposed increases, such proposed increases would no longer be proposed but would have become final. (*See* Plaintiff's Reply, PP. 9-10).

> establish uniform timelines for the filing and public posting of rate increases in the single risk pool, which serve to provide consistency and transparency in the rate submission process, ensure a more meaningful opportunity for public review and comment, and create a level playing field for issuers. Part of the regulation changes 45 C.F.R. § 154.220 to establish a uniform submission timeline by which issuers must submit a Rate Filing Justification for all proposed rate increases in the single risk pool, for both Qualified Health Plans (QHPs) and non-QHPs. While the new regulation does not set the submission deadline itself, it contemplates that the submission deadline would coincide with the end of the QHP application window. The regulation also requires that proposed rate increases subject to review be made available to the public by a date specified in future guidance, which is anticipated to be no later than ten business days after the uniform submission deadline.

(*Id.*, PP. 5-6 (internal citations omitted)). In light of these prospects for change with respect to the release of information for plan years 2016 and beyond, the Court agrees with HHS that at this point, Plaintiff has no basis to contend it will be subject to the same alleged injury. *See Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 485 (8th Cir. 1998) (internal quotations and citation omitted) ("Although [Plaintiff] and [Defendant] may be parties to the same sort of dispute in [the future], a mere physical or theoretical possibility, is insufficient to meet the *Weinstein* test."). The likelihood of recurrence in this case therefore does not rise to the level necessary to save Plaintiff's claim from mootness. *See Pearson v. Social Sec. Admin.*, 2012 WL 6738490, at *3 (E.D. Mo. Dec. 31, 2012); *Ayyoubi*, 712 F.3d at 392.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Consumers Council of Missouri's Motion for Summary Judgment (ECF No. 12) is **DENIED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument (ECF No. 24) is **DENIED**.

Dated this ___23rd___ Day of April, 2015.

       \s\   Jean C. Hamilton
UNITED STATES DISTRICT JUDGE